IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATANDRA PRADIA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS &<br>FRAGRANCE INC.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　Case No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S NOTICE OF REMOVAL

Defendant, Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), by and through undersigned counsel, hereby files this removal of the state court action titled *Katandra Pradia v. Ulta Salon, Cosmetics & Fragrance Inc.*, currently pending in the 152nd Judicial District Court of Harris County, Texas, Cause No. 2025-63200 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this removal, Ulta states as follows:

**I.     Removal is Procedurally Proper.**

1.     Katandra Pradia ("Plaintiff") commenced the above-captioned civil action in the 152nd Judicial District Court of Harris County, Texas, by filing her Original Petition on August 28, 2025, against Ulta. A true and correct copy of the Original Petition filed in the Harris County District Court is attached as **Exhibit A**.

2.     The time for removal begins to run when the removing defendant is formally served with process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999). Ulta was served with the Petition and Citation by personal service on September 2, 2025,

making its deadline to remove the action October 2, 2025. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

3. This Notice complies with 28 U.S.C. § 1446(b)(2)(A) because, at the time of filing this Notice, Ulta is the only defendant that has been "properly served" in the action. *See* 28 U.S.C. § 1446(b)(2)(A). Ulta, the only defendant to this action, was served with process on September 2, 2025.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas, Houston Division is the federal judicial district and division embracing Harris County, Texas, where this action was originally filed.

5. A written notice attaching a copy of this Notice of Removal is being served on all parties and filed with the Clerk of the 152nd Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 81, true and correct copies of process and pleadings filed in the State Court Action are attached hereto as:

| | | |
|---|---|---|
| EXHIBIT B: | | An index of all matters being filed in the State Court Action. |
| EXHIBIT C: | | Copy of the State Court Action docket sheet. |
| EXHIBIT D: | | True and correct copies of all pleadings asserting causes of action and all answers to such pleadings in the State Court Action. |
| EXHIBIT E: | | A separately signed Corporate Disclosure Statement. |
| EXHIBIT F: | | All executed process in the case. |
| EXHIBIT G: | | A list of all counsel of record, including addresses, telephone numbers, and parties represented. |

7. As detailed below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

**II.     This Court has Diversity Jurisdiction.**

8.   This Court has removal jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a); *Mitchell v. Bailey*, 982 F.3d 937, 945 (5th Cir. 2020), *as revised* (Dec. 30, 2020).

**A.     There is Complete Diversity of Citizenship.**

9.   For individuals "to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

10.   To the first requirement, Ms. Pradia has judicially admitted[1] that she is a domiciliary of Texas. In her state court pleading, Ms. Pradia asserts that she "is an individual residing in Houston, Texas." **Exhibit A**, ¶ 3. "'[R]eside' has been interpreted to mean more than to be temporarily living in the state; it means to be 'domiciled' there." *Coury*, 85 F.3d at 248. Ms. Pradia is thus a citizen of Texas.

11.   Furthermore, Ulta has attached public record searches establishing that Ms. Pradia is a United States citizen. The attached public records search[2] shows Ms. Pradia was issued a social security number in Texas upon birth; maintains a residence in Texas; and that all prior residential

---

[1] "'A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them.'" *Nelson v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:23-CV-01793, 2024 WL 3572957, at *5 (S.D. Tex. July 29, 2024) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)). "'Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention.'" *Id.* (citing *Martinez*, 244 F.3d at 476).

[2] **Exhibit H** is a public records search published by a LexisNexis company called Accurint. The exhibit is admissible and not hearsay pursuant to Rule 803(17). *See* FED. R. EVID. 803(17); *Williams v. USAA Cas. Ins. Co.*, No. 3:20CV130-M-JMV, 2021 WL 4774956, at *4 (N.D. Miss. Oct. 13, 2021) (upholding admissibility of Accurint report based on Rule 803(17)); *see also Montalvo v. Bekins Moving Sols., Inc.*, 613 F. Supp. 2d 892, 896 (S.D. Tex. 2009) (upholding admissibility of similar "commercial publications" under Rule 803(17)).

addresses were in Texas. *See* **Exhibit H**, 1– 6. Thus, a preponderance of the evidence establishes that Ms. Pradia is a United States citizen. *See Coury*, 85 F.3d at 251.

12. As to Ulta, "a corporation is considered a citizen of both its state of incorporation and the state in which it maintains its principal place of business." *P2ES Holdings, LLC v. Trinity Petroleum Mgmt., LLC*, No 4:22-CV-03002, 2023 WL 1967949, at *2 (S.D. Tex. Feb. 13, 2023), *report and recommendation adopted*, No. 4:22-CV-03002, 2023 WL 2386885 (S.D. Tex. Mar. 6, 2023) (citing 28 U.S.C. § 1332(c)(1)). Ulta is incorporated under the laws of the state of Delaware. **Exhibit I**, *Declaration of Maria Makowiecki in Support of Defendant's Notice of Removal*. "A corporation's principal place of business is 'the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.'" *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)). "With rare exceptions, a corporation's principal place of business is the place it maintains its headquarters." *Id.* (citing *Hertz Corp.*, 559 at 93. Ulta maintains its headquarters and principal place of business in the state of Illinois. **Exhibit I**. Ulta is thus a citizen of Delaware and Illinois.

13. Because Plaintiff is a citizen of Texas, and because Ulta (the only Defendant) is a citizen of Delaware and Illinois, complete diversity exists among the parties to this action. *See* 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Requirement is Satisfied.

14. The amount in controversy requirement can generally be met in two ways: first, the requirement is satisfied if it is apparent from the face of the complaint filed in the underlying state court proceeding that claimed damages exceed $75,000, the requirement is met; second, the removing party can "'set[] forth facts in controversy" "that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1998)).

15. Plaintiff's Petition in the State Court Action alleges that Plaintiff "seeks monetary relief over $250,000 but not more than $1,000,000." **Exhibit A**, ¶ 2. Because Plaintiff has alleged "only a range of damages and not a specific amount in controversy, removal is proper if the removing party [Ulta] establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." *Plunkett v. Companion Prop. & Cas. Ins. Co.,* No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016); *see Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

16. Plaintiff alleges she "suffered substantial financial damages," "endured severe emotional distress," and that her "mental well-being has been significantly compromised" as a result of the incident that forms the basis of the Petition. **Exhibit A**, § VIII(a)-(c).

17. Beyond the injuries Plaintiff claims to have sustained, the Petition also alleges lost income, "past and future mental anguish, pain and suffering, and future earning capacity," as well as punitive damages. *Id.*, § VIII(B)(a)-(b).

18. Based on these allegations, the amount in controversy plainly exceeds the $75,000 jurisdictional threshold, and is consistent with Plaintiff's allegation that she "seeks monetary relief over $250,000 but not more than $1,000,000." **Exhibit A**, ¶ 2.

**III.  Plaintiff demanded a jury trial in the State Court Action.**

19. Plaintiff requested a trial before jury in the State Court Action. *See* Exhibit A, p. 8; FED. R. CIV. P. 81(C).

## CONCLUSION

For the foregoing reasons, Ulta hereby removes the above-styled and captioned case pending in the 152nd Judicial District Court of Harris County, Texas, to this Court under 28 U.S.C.

5

§§ 1332, 1441, and 1446 and requests that further proceedings be conducted in the Houston Division of the U.S. District Court of the Southern District of Texas as provided by law.

DATED this 26th day of September, 2025.

**GREENBERG TRAURIG, LLP**

By: /s/ *Aimee Housinger*
Aimee Housinger
Texas Bar No. 24083203
S.D. Tex. Bar No. 1717243
housingera@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

*Attorneys for Defendant Ulta Salon, Cosmetics & Fragrance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2025, this document was filed electronically with the Clerk of Court using the CM/ECF electronic filing system and a copy of such filing was emailed to the following:

Troy J. Pradia, Esq.
Jonathan H. Cox, Esq.
2402 Rosedale St.
Houston, Texas 77004
tjp@coxpradialaw.com
eservetjp@coxpradialaw.com
jhc@coxpradialaw.com
eservejhc@coxpradialaw.com

*Counsel for Plaintiff Katandra Pradia*

/s/ *Aimee Housinger*
Aimee Housinger