# EXHIBIT "D"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 32170629**
**Date Processed: 09/02/2025**

| | |
|---|---|
| **Primary Contact:** | Legal Department null<br>Ulta Salon, Cosmetics & Fragrance, Inc.<br>1000 Remington Blvd.<br>Ste 120<br>Bolingbrook, IL 60440-4708 |
| **Electronic copy provided to:** | Ashley Wyrobek<br>Rene Casares<br>Esme Recendez |

| | |
|---|---|
| **Entity:** | Ulta Salon, Cosmetics & Fragrance, Inc.<br>Entity ID Number  0199311 |
| **Entity Served:** | Ulta Salon Cosmetics & Fragrance Inc |
| **Title of Action:** | Katandra Pradia vs. Ulta Salon Cosmetics & Fragrance Inc |
| **Matter Name/ID:** | Katandra Pradia vs. Ulta Salon, Cosmetics & Fragrance, Inc. (17400594) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202563200 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/02/2025 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Cox Pradia Law Firm, P.L.L.C.<br>713-739-0402 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EML

**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 1035566

Tracking Number: 74534091

DELIVERED THIS _2_ SEP 25 DAY OF ___

INITIALS: _WMK_ LIC# _6549_

CAUSE NUMBER: 202563200

PLAINTIFF: PRADIA, KATANDRA

vs.

DEFENDANT: ULTA SALON COSMETICS & FRAGRANNCE INC

In the 152nd Judicial

District Court of

Harris County, Texas

## CITATION

THE STATE OF TEXAS
County of Harris

TO: ULTA SALON COSEMTICS &FRAGRANNCE INC MAY BE SERVED THROUGH ITS REGISTERED AGENT

PRENTICE HALL CORPORATION SYSTEM

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 28, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this August 28, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CAROL FLAKES

Issued at request of:
COX, JONATHAN H.
2402 ROSEDALE ST
HOUSTON TX  77004
713-752-2300
Bar Number: 24007047

Tracking Number: 74534091

CAUSE NUMBER: 202563200

| | |
|---|---|
| PLAINTIFF: PRADIA, KATANDRA | In the 152nd |
| vs. | Judicial District Court |
| DEFENDANT:  ULTA  SALON  COSMETICS  & FRAGRANNCE INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   ____.   M.,   on   the   _____   day   of _____, 20_____.

Executed  at  (address)  _____
in _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of _____, 20 _____,
by  delivering  to  _____  defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To   certify   which   I   affix   my   hand   officially   this   _____   day   of _____, 20 _____.

FEE:  $ _____          _____

                              _____ of  _____

County, Texas

_____   By:  _____
        Affiant                          Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of _____, 20 _____

                              _____
                                        Notary Public

8/28/2025 10:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104957396
By: Carol Flakes
Filed: 8/28/2025 10:07 AM

## 2025-63200 / Court: 152

CAUSE NO. _____

| | | |
|---|---|---|
| **KATANDRA PRADIA** | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | ___ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| **ULTA SALON, COSMETICS &** | § | |
| **FRAGRANCE INC.** | § | HARRIS COUNTY, TEXAS |
| *Defendant* | § | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Katandra Pradia and files this petition complaining of Defendant Ulta Inc., and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.4.

### II. RULE 47 STATEMENT

2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47(c), Texas Rule of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00 The amount of monetary relief actually award, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgement and post judgment interest at the highest legal rate.

### III. PARTIES

3. Plaintiff Katandra Pradia, herein after, "Plaintiff," is an individual residing in Houston, Texas.

Unofficial Copy Office of Marilyn Burgess District Clerk

4. ULTA SALON, COSMETICS & FRAGRANNCE, INC., herein after, "ULTA" or "Defendant," is a Foreign For-Profit Corporation, doing business in the State of Texas and may be served with process through their registered agent, **Prentice Hall Corporation System, 211 E. 7th Street, Suite 620 Austin, TX 78701.** Defendant has been served and has appeared.

## IV.    MISNOMER/ALTER EGO

5. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Ulta Beauty" with regard to the events described in this Petition. Plaintiff expressly invokes this right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V.    JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

8. Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County.

## VI. FACTS

9. On May 20, 2025, Plaintiff entered the premises of Ulta Beauty to return some items and purchase others. Plaintiff browsed the store for approximately forty-five minutes before

completing her transactions and returning to her car. Thereafter, Plaintiff returned to her car and drove to the stop sign at the end of the parking lot. A Harris County Sherrif activated their lights and pulled up behind her.

10.  Officer asked Plaintiff for her identification, ran her name, and placed Plaintiff in handcuffs upon his return. Several men in vests, badges, but not full uniforms, surrounded Plaintiff.

11.  Plaintiff was only informed twenty minutes into her detention that she was arrested because Ulta called law enforcement because of a suspected thief walking out of the store and past Plaintiff's car. The suspect was carried a black crossbody purse, but Plaintiff carried a grey purse on the day of the incident.

## VII.  CAUSES OF ACTION

### A.  False Arrest

12.  Plaintiff repeats and re-alleges paragraphs 1 through 11 as if fully set forth herein.

13.  Despite the absence of probable cause or credible evidence, Defendant Ulta Beauty knowingly communicated false information that directed law enforcement officers to arrest Plaintiff.

14.  Defendant Ulta Beauty agent knew or should have known of Plaintiff's proven innocence yet insisted on Plaintiff's arrest thus resulting in her subsequent unlawful detainment.

15.  Defendant Ulta Beauty, without justification or probable cause, knowingly communicated false information that led to false arrest.

16.  The third-party false communication by Defendant Ulta Beauty. was the proximate cause of Plaintiff's damages.

### B.  False Imprisonment

17. Plaintiff repeats and realleges paragraphs 1 through 11 as if fully set forth herein.

18. Defendant Ulta Beauty knowingly communicated false information leading to Plaintiffs unlawful detainment and arrest.

19. Ulta Beauty's agents' actions were motivated by improper purposes and were baseless.

20. Under Texas law a third party can be held liable for false imprisonment if they knowingly provide false information that leads to an arrest.

21. As a direct and proximate result of the false imprisonment, Plaintiff suffered significant damages.

## C. Defamation

22. Plaintiff repeats and realleges paragraphs 1 through 11 as if fully set forth herein.

23. The accusations made by the Defendant were false, as evidenced by the subsequent review of the surveillance footage.

24. Defendant's false statements of theft against Plaintiff were communicated to law enforcement officials and possibly other employees or individuals within Ulta Beauty. Defendant was negligent in failing to conduct a reasonable investigation into the accusation of theft before making it public to law enforcement, including a failure to review the video evidence thoroughly and accurately.

25. As a direct and proximate result of Defendant's baseless accusation of theft, plaintiff has suffered wrongful detention and subsequent substantial damages.

## D. Negligence

26. Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

27.    Defendant Ulta Beauty owed a legal duty of reasonable care to Plaintiff.

28.    As a business open to the public, Defendant had a duty to exercise reasonable care in identifying suspected shoplifters before contacting law enforcement, including conducting a proper investigation to ensure the correct individual was identified.

29.    Defendant breached this duty of care owed to Plaintiff.

30.    Defendant negligently misidentified Plaintiff as a shoplifter without conducting a reasonable investigation, despite clear differences between Plaintiff and the actual suspect. Specifically, Defendant failed to note that Plaintiff carried a grey purse while the actual suspect carried a black crossbody purse.

31.    Defendant's breach of duty was the proximate cause of Plaintiff's injuries.

32.    Defendant's negligent misidentification directly led to law enforcement detaining and arresting Plaintiff, causing her to be handcuffed and surrounded by officers for approximately twenty minutes before being informed of the reason for her detention.

33.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages.

34.    Plaintiff suffered financial losses due to inability to perform job functions effectively, severe emotional distress, and significant mental anguish resulting from the wrongful detention, humiliation, and anxiety caused by Defendant's negligent actions.

35.    Defendant's conduct demonstrates a reckless disregard for the rights and safety of others, including Plaintiff, warranting the imposition of exemplary damages.

## VIII.    DAMAGES

a. Financial Loss: The Plaintiff has suffered substantial financial damages, as result of inability to perform job functions effectively due to emotional distress and mental anguish.

b. Emotional Distress: The Plaintiff has endured severe emotional distress as a direct result of the false accusation, false arrest, and false imprisonment, resulting in a subsequent impact on her personal and professional life.

c. Mental Anguish: The Plaintiff's mental well-being has been significantly compromised due to the stress, anxiety, and humiliation resulting from the wrongful accusation and subsequent legal proceedings.

d. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## B. Relief Sought

a. Compensatory Damages: The Plaintiff seeks compensation for the financial losses incurred, including lost wages, benefits, past and future mental anguish, pain and suffering, and future earning capacity, as well as reimbursement for any legal fees and expenses accrued.

b. Punitive Damages: Given the egregious nature of the Defendant's actions and the severe harm inflicted upon the Plaintiff, punitive damages are warranted to deter similar misconduct in the future and to adequately punish the Defendant for its wrongful conduct.

c. Injunctive Relief: In addition to monetary damages, the Plaintiff requests injunctive relief to prevent further harm to her reputation and to compel Ulta Salon, Cosmetics & Fragrance, Inc., to retract any defamatory statements made against her.

## IX.   PRESERVING EVIDENCE

36.   Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, insurance statements, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## X.   REQUIRED DISCLOSURE

37.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure (amended and effective January 1, 2021), Defendant is required to disclose, produce the information, and material described in Rule 194.2 within thirty (30) days of the service of this request at the office of the undesigned. A party must make the initial disclosures at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order. But if the responsive documents are voluminous, the response must state a reasonable time and place for the production of documents.

## XI.   NO CONTRIBUTION

38.   Plaintiff would show that nothing she did, or failed to do in any way, contributed to the incident made the basis of this lawsuit.

## XII.   NOTICE OF DESIGNATED SERVICE E-MAIL ADDRESS

39.   The following email is the undersigned attorney's designated e-service email address for all e-filing and e-served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2)

and 21a: eservejhc@coxpradialaw.com and eservetjp@coxpradialaw.com.

The e-service email address designated herein is the undersigned's only e-service email address service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Katandra Pradia, requests that Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiff recover damages from Defendant, jointly and severally in accordance with the evidence, and as the jury deem him deserving, that Plaintiff recover costs of the court herein expended, that Plaintiff recover interest to which he is justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until paid, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled

Respectfully submitted,

**THE COX PRADIA LAW FIRM, P.L.L.C.**

/s/:*Troy J. Pradia*
**Troy J. Pradia**
State Bar No. 24011945
**Jonathan H. Cox**
State Bar No. 24007047
Jhc@coxpradialaw.com
eservejhc@coxpradialaw.com
2402 Rosedale St.
Houston, TX 77004
Telephone: (713) 739.0402
Facsimile: (713) 752.2812
tjp@coxpradialaw.com
eservetjp@coxpradialaw.com
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Unofficial Copy Office of Marily Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Troy Pradia
Bar No. 24011945
tjp@coxpradialaw.com
Envelope ID: 104957396
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 8/28/2025 11:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Troy JPradia | | eservetjp@coxpradialaw.com | 8/28/2025 10:07:07 AM | NOT SENT |
| Troy JPradia | | tjp@coxpradialaw.com | 8/28/2025 10:07:07 AM | NOT SENT |
| Jonathan H.Cox | | eservejhc@coxpradialaw.com | 8/28/2025 10:07:07 AM | NOT SENT |
| Jonathan Cox | | jhc@coxpradialaw.com | 8/28/2025 10:07:07 AM | NOT SENT |
| Sheena SAnderson | | sheena@coxpradialaw.com | 8/28/2025 10:07:07 AM | NOT SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk